**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Teresa Hinkle, | ) | |
| | ) | **CASE NO. 5:20 CV 00062** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | |
| Commissioner of Social Security, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate

Judge Carmen E. Henderson ("R&R")(Doc. 20) recommending that the decision of the

Commissioner be affirmed.  Plaintiff has filed an objection.  For the reasons that follow, the

R&R is hereby ACCEPTED and the decision of the Commissioner is AFFIRMED.

**STANDARD OF REVIEW**

When objections are made to a Magistrate Judge's Report and Recommendation, the

district court reviews the case *de novo*.  Federal Rule of Civil Procedure 72(b) provides in

pertinent part:

> The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

### **ANALYSIS**

As set forth below, the Court incorporates the R&R into this Opinion.  Therefore, the Court need not repeat the medical history, which is thoroughly recited by the Magistrate Judge.  Plaintiff objects to the R&R on three grounds.  Each will be addressed in turn.

Plaintiff first objects to the Magistrate Judge's observation that plaintiff "did not cite to any evidence."  Plaintiff maintains that she had "explicitly stated that the summary of the medical evidence was incorporated herein."  The Court finds this argument unavailing.  Within the R&R, the Magistrate Judge noted that plaintiff had initially failed to explain which specific pieces of evidence supported her medically determinable impairment argument.  The Magistrate Judge then acknowledged that plaintiff corrected this deficiency in her reply brief.  The Court has reviewed both plaintiff's brief and reply brief and agrees with the Magistrate Judge's observations.  While plaintiff may have provided an overview of the medical evidence at the beginning of her brief, she initially did not explain which pieces of this evidence supported her medically determinable impairment argument.  *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004) (noting that the claimant bears the burden of proving the existence of a medically determinable impairment).   Accordingly, this objection is not well-taken.

Plaintiff next objects to the Magistrate Judge's finding "that the severity of a symptom

cannot be determined by test results."  This argument is without merit.  The Magistrate Judge made this observation in relation to plaintiff's positive ANA test and C-reactive protein test.  The Magistrate Judge noted that these particular types of tests, while they may confirm the existence of inflammation or the presence of certain antibodies, do not provide a diagnosis or "demonstrate the degree of symptoms."  The Magistrate Judge ultimately concluded that the ALJ did not commit reversible error in failing to mention these test results.

Upon review, the Court agrees with the Magistrate Judge's findings.  A review of the ALJ decision confirms that the ALJ discussed many of the diagnostic tests and treatment notes contained in the record, including those cited by plaintiff in her objection and brief.  Plaintiff does not explain how the ALJ's failure to discuss the ANA test and C-reactive protein test constitutes an error requiring remand.  Indeed, an ALJ is not required to discuss every piece of evidence contained in the record.  *Conner v. Comm'r of Soc. Sec.*, 658 Fed.App'x 248, 254 (6th Cir. 2016) ("This claim also fails, because we do not require an ALJ to discuss every piece of evidence in the record to substantiate the ALJ's decision.")  Accordingly, this objection is not well-taken.

Finally, plaintiff objects to the fact that the "R&R did not consider the cumulative effect of [her] multiple impairments."  Plaintiff did not raise this argument to the Magistrate Judge and, therefore, it is waived.  Morever, the ALJ provided a detailed review of the medical evidence with respect to all of plaintiff's impairments and included limitations within the residual functional capacity to account for them.  Accordingly, this objection is not well-taken.

### **CONCLUSION**

This Court, having reviewed the Report and Recommendation and finding plaintiff's

objection without merit, hereby accepts the Magistrate Judge's Report and Recommendation.  In

accordance with that recommendation, judgment is entered in favor of the Commissioner for the

reasons stated by the Magistrate Judge and the Report and Recommendation is incorporated

herein by reference.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 2/10/21